Your Honors, I was sanctioned by Judge McBride of the Northern District of Texas in Fort Worth back in May of this year, of 2017, and I've appealed that decision. The judge in that case, my feeling is that he, one, lacked jurisdiction to discipline me, two, the discipline was excessive, and three, the discipline is not in compliance with what the court wants sanctions to be for. First, the jurisdiction issue. I saw he required you to do this law school class by January of this year. Have you done that? I didn't see anything on the docket sheet. I have not done that, Judge. And that's part of the other part of the problem. But I didn't see where he did anything for your noncompliance. He has not, as far as I know. How is that doable? I mean, how do you get 12-hour ethics requirements from a law school? I can see with CLE programs, but I don't understand that. I can't, Judge. That's part of the problem. The order is absolutely impossible. There are three law schools in the metroplex area. I live in the Fort Worth area. There's Texas A&M University School of Law. There's North Texas, which is unaccredited, and SMU, which is in Dallas, which North Texas and SMU are both in Dallas, which are significant ways away from me. But further, he ordered me not only to enroll in law school, which I'd have to apply to do, but he — The L side again? No, it has a lot of hurdles, recommendations. Did you ask him to — why didn't you ask him to say can I do it just through CLE instead? Judge, because when he issued the order at the show cause hearing, I argued that he did not have jurisdiction. In fact, I stated that to him several times, that he had no longer had jurisdiction. Part of the things that — one of the things that he was upset with was that I had not complied with orders of the court. Well, it was ironic to me, and I don't believe I pointed out to this. Judge McBride does not allow anyone to file electronically, and the orders came electronically. We have to paper file every document in his court, and we have to. So I have to drive my office in Cleburne, Texas, which is about 40 minutes from downtown Fort Worth. I have to drive from my office to downtown Fort Worth and physically file all documents in his court. But you're not the only one required to do that. Absolutely not. But the problem is that he doesn't understand the electronic system. So in this case — I hope you didn't tell him that. I did not, Judge. In this case, there was 15 or 16 defendants. So the — once my case was appealed, once it was at the appellate level, I did not expect to get any notices from the district court any longer on my cases. They no longer had jurisdiction. Judge McBride issued orders in January of 2017, after the Fifth Circuit had already actually ruled on the — on the appeal, on the appeal of my client. When — and I've corrected this since then, even though it still doesn't apply. When you get those electronic notices, after my case has been gone, they no longer apply to my client. It had to do with other defendants that were in that — that chain of cases. And in fact, he — Judge McBride specifically found that I lied to him, and I did not lie to the court. I would never — I've been practicing for 21 years. I'm a member in good standing with every bar. I've never been sanctioned before. I pride myself on — on being — having candor with the court and with my clients, for that matter. The problem is that I didn't see the orders, because I didn't expect to get a order from the district court. And I think that's one of the things he was most upset about, was that I did not comply with his orders. Further, though, but he didn't have — in my opinion, and in the Court's opinion, in the Fifth Circuit's opinion, he didn't have jurisdiction to issue orders any longer. As the Fifth Circuit did not remand my case back to the district court level. Doesn't a court always have jurisdiction to consider discipline of a lawyer who practices in the court? Let me — let's say a case is completed in the district court, person pleads, it's sentenced, case is done, judgment's entered, and a year later it comes to the district court's attention that the lawyer lied on their request for CJA funds. I mean, even if the case has been over a year, can't the court convene a disciplinary matter, which Judge — which is what happened here? He opened a separate matter. I would agree with that. And there's actually some case law on that matter. And that — not out of the Fifth Circuit. But that was for actions that took place during the trial. What the actions that Judge McBride complained about that I had done happened after — well after the trial had ended and well after the appeal had been perfected. So I would agree with the court — It had to do with informing your client about appeal rights. It had to do with — It had to be after the trial, but it doesn't mean he doesn't have jurisdiction. Judge, but the issue — again, the issue — I did make a mistake. I did not inform my client that he had a right to a rehearing. And I fully accept that responsibility, that I should have done that. And I did not — and I did not inform — I informed him that I was going to ask the Fifth Circuit to allow me to withdraw, and I informed him that he had the right to satori and to request the Supreme Court — request cert from the Supreme Court to hear his appeal. But I did not inform him that he had a right to request a rehearing. And I take responsibility for that. But the sanction that was issued to me was, one, overly harsh based on that. And the other part of the sanction was that he found that I lied to him about the orders that were issued by him, which I did not do. And in fact, once I saw that he had orders, I tried to comply with the orders. One of the things that he complained about and my client complained about was that I did not send him a copy of his file. I tried to send him a copy of his file several times. Eventually, I had to get a counselor from the jail where he was being held and mail it to him because every time I mailed my client this package, it kept getting sent back to me for reasons that no one could ever explain to me. So the sanction itself is also impossible to actually comply with. As I would have to — as Your Honor has stated, I'd have to presumably take an LSAT, file an appellate — not an appellate — apply to a law school and pay a significant amount of money. How many hours in ethics can you get during the year from CLE programs? I could probably — and honestly, Judge, you could probably get the 12 CLE hours for continuing legal education, but not 12 hours — Did you try to do that? Because you could have said, hey, look, I did it. I did not, Judge, because as soon as the discipline was handed down, I immediately appealed. So I did not — and I wanted to find out what the court was going to do prior to trying to appease and comply with the sanctions. The other thing they do, he removed me from the Federal court appointment list, which I think was — is, again, unjust and not the purpose of sanctions. But didn't you say that you've never informed clients of their right to petition for rehearing after losing a trial? That is correct, Judge. And it — So why would you be allowed to be on the CLE panel — I mean, the court panel? You don't tell them their rights. Again, Judge, in all honesty, at this point in my career, other than State court, I've only applied — I've only appealed two Federal sentencing cases at that time. So this was my second appeal to the Fifth Circuit. So — So when you said never informing your clients, you're only talking about two clients? That's correct, Judge, because the question that I was asked was, have you ever informed your clients of that? And I — and the answer was no, because that's the honest answer, because it was this one and a prior one. So, again, it was oversight on my part. I should have informed my clients of those rights, and I did not. But that — again, the courts have said a sanction under the law should fit what happened, and it should be under clear and convincing evidence of bad faith or willful abuse of judicial process, which there was no finding that I — one, by clear and convincing evidence that I acted in bad faith or I willfully disobeyed the court. And, yes, I made a mistake and did not inform two clients that they had a right to a rehearing. One of the other issues, I think, that Judge McBride had was that I stated to him that even if I would have informed my client that he had a right to rehearing and he would have told me that he wanted that, I would not have filed a motion for rehearing. And that still stands true. Clients often request that we file motions that are frivolous or not proper or, you know, I get asked all the time, especially in Judge McBride's court, can you please file a motion for change of venue? Obviously, there's no reason for change of venue. I get asked all the time for a motion for discovery because the defendant wants the — a copy of the evidence, which I can't give to them. So we get often asked to file things that — If there's a procedure, at least in our court, you can, I think even in the rehearing stage, you can file something saying I don't think there's a meritorious basis for an en banc petition and then you can seek to withdraw. We can approve that and the client on his own can file that. And that's correct. And, again, I take full responsibility for not informing my client that he had a right to request a rehearing. But I don't think that he had a valid reason for a rehearing at all based on the fact that Judge McBride sentenced him within the guidelines. There was a legitimate appellate issue, and that was whether or not the weight of the amount of methamphetamines should have been attributed to him. I argued strenuously at trial that it should not have been. Judge McBride overruled that objection. The Fifth Circuit upheld that, Judge McBride's decision on that. So I didn't feel like there was any other issue that the court needed to do for a rehearing on that case. But, again, it goes back to whether or not the sanction was adequate and whether or not it was within reason, and the sanction just simply was not within reason, I don't believe. On the removal of your name from the CJA list in Fort Worth, is that indefinitely? Is there a time limit on that? It's indefinitely, Judge, as far as I know. Is it for the Fort Worth Division? It's only for the Fort Worth Division. I am only on the Dallas Division and the Fort Worth Division. I'm not on any other panels. So I'm asking the court to vacate the order in this case and set aside the sanction. All right. Thank you, Mr. Mitrella. Your case is under submission. Last case for today, Lockett v. Houston Independent School District.